Dear Mr. Delahaye:
I am in receipt of your request for an Attorney General's opinion regarding the legality of having students perform tasks such as janitorial or food service work after school hours for minor infractions. Specifically, you seek an opinion concerning the legality of allowing students to perform certain custodial or food service tasks in lieu of being sent to in-school suspension.
LSA-R.S. 17:416 provides the following in pertinent part concerning discipline of pupils:
 A. (1)(a) Every teacher shall endeavor to hold every pupil to a strict accountability for any disorderly conduct in school or on the playgrounds of the school, on the street or road while going to or returning from school, or during intermission or recess.
 (b)(I) Each teacher may take disciplinary action to correct a pupil who disrupts normal classroom activities, who is disrespectful to a teacher, who willfully disobeys a teacher, who uses abusive or foul language directed at a teacher or another pupil, who violates school rules, or who interferes with an orderly education process.
 (ii) Disciplinary action may include but is not limited to:
 (aa) Oral or written reprimands.
 bb) Referral for a counseling session which shall include but shall not be limited to conflict resolution, social responsibility, family responsibility, peer mediation, and stress management.
 (cc) Written notification to parents of disruptive or unacceptable behavior, a copy of which shall be provided to the principal.
 (dd) Other disciplinary measures approved by the principal and faculty of the school and in compliance with school board policy.
 * * *
 (2) As used in this Section:
 (a)(I) "In-school suspension" means removing a pupil from his normal classroom setting but maintaining him under supervision within the school. Pupils participating in in-school suspension may receive credit for work performed during the in-school suspension. However, any pupil who fails to comply fully with the rules for in-school suspension shall be subject to immediate suspension.
 (ii) Each city and parish school board shall adopt rules regarding the implementation of in-school suspension by no later than January 1, 1995.
 (b)(I) "Detention" means activities, assignments, or work held before the normal school day, after the normal school day, or on weekends.
 (ii) Failure or refusal by a pupil to participate in assigned detention shall subject the pupil to immediate suspension.
 (iii) Assignments, activities, or work which may be assigned during detention include but are not limited to counseling, homework assignments, behavior modification programs, or other activities aimed at improving the self-esteem of the pupil.
 (iv) Each city and parish school board shall adopt rules regarding the implementation of detention by no later than January 1, 1995.
 * * *
LSA-R.S. 17:416.1(A) provides the following in pertinent part concerning additional disciplinary authority:
 In addition to the specific disciplinary measures authorized in R.S. 17:416 teachers, principals, and administrators of the public schools may, subject to any rules as may be adopted by the parish or city school board, employ other reasonable disciplinary and corrective measures to maintain order in the schools; provided, however, that nothing in this Section shall be construed as superseding the provisions of R.S. 17:416 relative to the disciplining of students, suspensions, and expulsions.
The statutory language used in LSA-R.S. 17:416 appears to allow the performance of certain custodial or food service tasks in lieu of being sent to in-school suspension provided school board policy allows for such. A school board appears to be given the latitude to implement such discipline in LSA-R.S. 17:416A(1)(dd) if approved by the principal and faculty and in compliance with school board policy. Additionally, LSA-R.S. 17:416.1(A) allows teachers, principals, and administrators of the public schools to employ other reasonable disciplinary and corrective measures to maintain order in the schools provided such rules do not supersede the provisions of LSA-R.S. 17:416.
It should be noted that LSA-R.S. 17:416.8 requires the establishment of a discipline policy review committee. It states the following in pertinent part:
 A. (1)(a) Each city and parish school board shall establish a discipline policy review committee composed of sixteen members as follows:
 * * *
 (b) The discipline policy review committee shall review all school board discipline policies and make recommendations to the school board for appropriate revisions to such policies.
 (c) Each committee shall be established no later than November 1, 1994, and shall make its recommendations to its respective school board no later than February 1, 1995.
 (2) Each school board shall review its discipline policies prior to the end of the 1994-1995 school year and shall review such policies at least annually thereafter. Following a public hearing on the recommendations of the discipline policy review committee, each school board's discipline policies shall delineate the specific consistent actions to be taken by teachers and other designated school employees to maintain order in the schools and on the school grounds. In addition, such policies shall contain specific consistent penalties which shall be imposed when pupils violate school discipline policies or state laws on school discipline. Copies of school board discipline policies shall be distributed to each school within its jurisdiction prior to the beginning of the 1995-1996 school session. In addition, copies of current school board discipline policies shall be distributed to each school within its jurisdiction prior to the beginning of the 1999-2000 school year and each school year thereafter. Each board shall provide each pupil and his parent, tutor, or legal guardian with a copy of the board's current discipline policy. In addition, each school shall plan and conduct meetings necessary to fully inform all employees and pupils of all such policies within the first week of each school year.
 Meetings shall be held throughout the school year as may be necessary to inform new employees and new pupils of such policies.
In conclusion, students can perform certain custodial or food service tasks in lieu of being sent to in-school suspension provided: 1) the Iberville Parish School Board's policy allows for such, 2) such measures are in compliance with the statutory requirements of LSA-R.S. 17:416 and, 3) each pupil and his parent, tutor, or legal guardian is given a copy of the board's current discipline policy, and meetings are held to inform the pupils of such policies.
This opinion addresses the legality of students performing tasks such as janitorial or food service work in respect to Title 17. However, the school board needs to address any statutory or regulatory requirements of the Department of Health and Hospitals for food service employees. The school board should also consult with its insurer concerning the possibility of additional civil liability.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:_______________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI:BCL:SC